## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ANTIONETTE WOODARD, individually and on behalf of all others similarly situated,<br><br>　　　Plaintiff,<br><br>v.<br><br>HEALTH IS WEALTH MARKETING LLC d/b/a MEDICAREPICK.COM<br><br>　　　Defendant. | : : : : : : : : : : : : : : : | Civil File No.<br><br>**COMPLAINT – CLASS ACTION** |

**Preliminary Statement**

1. Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

2. "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry

stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id*…This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C*., 925 F.3d 643, 649-50 (4th Cir. 2019).

3. The Plaintiff Antionette Woodard alleges that Health is Wealth Marketing LLC d/b/a MedicarePick.com ("Health is Wealth") made unsolicited telemarketing calls without her prior express consent and that she received those calls despite her registration on the National Do Not Call Registry.

4. Because these calls were transmitted using technology capable of generating thousands of similar calls per day, the Plaintiff sues on behalf of a proposed nationwide class of other persons who received similar calls.

5. A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

**Parties**

6. Plaintiff Antionette Woodard is an individual residing in this District.

7. Defendant Health is Wealth Marketing LLC d/b/a MedicarePick.com is California limited liability company.

**Jurisdiction & Venue**

8. The Court has federal question subject matter jurisdiction over these TCPA claims. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012).

9. The Court has personal jurisdiction over Health is Wealth because it made calls into this District.

10. Venue is proper under 28 U.S.C. § 1391(b) because the calls at issue were made into this District.

**TCPA Background**

11. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy[.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

The National Do Not Call Registry

12. § 227(c) of the TCPA requires the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

13. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

14. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

15. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are made. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

**Factual Allegations**

16. Health is Wealth is a lead generation company.

17. It specializes in finding leads for insurance companies in order to sell insurance.

18. To generate these leads, Health is Wealth relies on telemarketing.

Calls to Plaintiff

19. Plaintiff Woodward's telephone number, 312-833-XXXX, is a residential telephone line.

20. It is not associated with a business and is used by Ms. Woodward only.

21. The telephone number has been on the National Do Not Call Registry since September 25, 2022.

22. Despite this, Ms. Woodward received at least two telemarketing calls from Health is Wealth, including at least two on November 29, 2022.

23. The calls promoted Health is Wealth's lead generation services for health insurance.

24. During the answered call, the Plaintiff received a scripted telemarketing pitch.

25. The pitch included an inquiry about the Plaintiff's health provider and insurance needs.

26. These inquiries were made so that the Defendant could match the Plaintiff with a health insurance company and charge for the service of matching the individual with the health insurance company.

27. The Plaintiff was not interested and had no such injuries so she asked the Defendant to not call.

28. The Plaintiff, through counsel, wrote to the Defendant inquiring as to the basis for the telemarketing calls.

29. The Defendant did not deny making the calls alleged in this complaint.

30. The calls received by Plaintiff were sent for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services as they seek to have her sign up for insurance services.

31. These calls qualified as telemarketing. 47 C.F.R. § 64.1200(f)(12).

32. Plaintiff and all members of the class defined below, have been harmed by the acts of Defendant because their privacy has been violated and they were subjected to annoying and harassing calls that constitute a nuisance. The calls also occupied Plaintiff's and class members' telephone lines from legitimate communication.

## Class Action Allegations

33. As authorized by Rule 23(b)(2) or (b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of a Class of all other persons or entities similarly situated throughout the United States.

34. The Class of persons Plaintiff proposes to represent is tentatively defined as:

> **National Do Not Call Registry Class**: All persons in the United States who (1) within four years prior to the commencement of this litigation until trial (2) received two or more telemarketing call on their residential line (3) from or on behalf of Defendant (4) to a telephone number that was registered with the National Do Not Call Registry (5) for more than 30 days at the time of each call.

35. The Class defined above is identifiable through phone records, phone number databases, and business and customer records of Defendant.

36. Based on the *en masse* nature of telemarketing, the potential members of the Class likely number at least in the thousands.

37. Individual joinder of these persons is impracticable.

38. The Plaintiff is a member of the Class.

39. There are questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

　　(a) whether Defendant made calls to Plaintiff and members of the Class without first obtaining prior express written consent to make the calls;

　　(b) whether Defendant systematically made multiple telephone calls to members of the National Do Not Call Registry Class; and

　　(c) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

40. Plaintiff's claims are typical of the claims of members of the Class.

6

41. Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the Class, she will fairly and adequately protect the interests of the Class, and she is represented by counsel skilled and experienced in class actions, including TCPA class actions.

42. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

43. The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

### FIRST CAUSE OF ACTION

**Violations of the Telephone Consumer Protection Act
(47 U.S.C. 227, et seq. and 47 C.F.R. §§ 64.1200(c))
on behalf of Plaintiff and the National Do Not Call Registry Class**

44. Defendant violated the TCPA and the Regulations by making two or more telemarketing calls within a 12-month period on Defendant's behalf to Plaintiff and the members of the National Do Not Call Registry Class while those persons' phone numbers were registered on the National Do Not Call Registry.

45. As a result of the Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and National Do Not Call Registry Class members are entitled to an award of up to $500 in statutory damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227(c)(5) or $1,500 for any violation that was knowing or willful.

46. Plaintiff and National Do Not Call Registry Class members are also entitled to and do seek injunctive relief prohibiting the Defendant from advertising insurance goods or services, except for emergency purposes, to any number on the National Do Not Call Registry in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A. Injunctive relief prohibiting Defendant from making telephone calls advertising their goods or services, except for emergency purposes, to any number on the National Do Not Call Registry in the future.

B. As a result of Defendant's negligent, willful and/or knowing violations of the TCPA, Plaintiff seeks for himself and each member of the Class up to treble damages, as provided by statute, of up to $1,500 for each and every violation of the TCPA;

C. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing Classes the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

D. Such other relief as the Court deems just and proper.

## JURY DEMAND

**Plaintiff requests a jury trial as to all claims of the complaint so triable.**

Respectfully submitted,

*/s/ Anthony Paronich*
PARONICH LAW, P.C.
Anthony I. Paronich
350 Lincoln St., Suite 2400
Hingham, MA 02043
617-485-0018
anthony@paronichlaw.com

*Attorneys for Plaintiff and proposed class*